```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 SAUL SABINO,

                    Plaintiff,                  MEMORANDUM & ORDER
                                                23-CV-8512(EK)(JRC)

           -against-

 CITY OF NEW YORK, NYPD 33RD PRECINCT,
 and JENNIFER BILINKAS,

                    Defendants.

--------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Saul Sabino, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. As set forth below, the court orders that this case be transferred to the United States District Court for the Southern District of New York.

        Civil actions are properly filed in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Such transfer may be made upon motion or by a court *sua sponte*. *See Pisani v.*

*Diener*, No. 07-CV-05118, 2009 WL 749893, at *8 (E.D.N.Y. Mar. 17, 2009) (collecting cases).

Here, venue is not proper in the Eastern District of New York.  Sabino seeks to challenge an arrest made in New York County and sues defendants located in New York County.  *See* Compl., ECF No. 1 at 5.  Accordingly, this action "could have been brought" in the Southern District of New York, but was not properly brought here under Section 1406.

The Clerk of Court is therefore directed to transfer this action to the United States District Court for the Southern District of New York.  *See* 28 U.S.C. §§ 112(b), 1406(a).  The decision on plaintiff's application to proceed *in forma pauperis*, *see* ECF No. 2, is reserved for the transferee court.  Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay before the Clerk shall transfer a case from this district, is waived.  No summons shall issue from this court.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

        SO ORDERED.

                                   /s/ Eric Komitee
                                ERIC KOMITEE
                                United States District Judge

Dated:    February 27, 2024
           Brooklyn, New York